In the Matter of HORATIO BRIDGET, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [750 NYS2d 795] —Appeal from a judgment of the Supreme Court (Kane, J.), entered November 27, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison sentence of 20 years to life following his 1978 conviction of the crime of murder in the second degree. His conviction arose out of the "contract killing" of a 21-year-old man whom petitioner shot in the head. Petitioner was denied parole release following his appearances before the Board of Parole in 1997 and 1999. He appeared before the Board in March 2001 following which parole release was again denied and petitioner was ordered to be held for another 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. The matter was dismissed by Supreme Court, giving rise to this appeal.

Our review of the record herein discloses that the Board considered all of the required statutory factors prior to denying petitioner's request for parole with the result that its determination is not subject to further judicial review (*see* Executive Law § 259-i [5]; *see also Matter of Anthony v New York State Div. of Parole*, 252 AD2d 704, *lv denied* 92 NY2d 812, *cert denied* 525 US 1183). We reject petitioner's assertion that the Board was collaterally estopped from basing its most recent denial of parole on the same grounds that it invoked in its previous determinations, e.g., the heinous nature of his crime and the potential danger he would pose to the community if released. As the Board is required to consider the same statutory factors each time an inmate appears before it (*see* Executive Law § 259-i [2] [c] [A]), it stands to reason that in many cases, the same aspects of an individual's record will repeatedly militate against the grant of parole release.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.