■ In the Matter of ABDUL B. HAKIM, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [754 NYS2d 600] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered April 25, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison term of 8 to 24 years following his 1990 conviction of the crime of manslaughter in the first degree arising out of a shooting death incident to an attempted robbery, while on probation for a previous criminal conviction. Following his third appearance before the Board of Parole, petitioner's application for parole release was denied. Supreme Court dismissed his petition seeking review of that determination, giving rise to this appeal.

Actions taken by the Board are deemed judicial functions that are not reviewable when made in accordance with law (*see*

Executive Law § 259-i [5]). Having reviewed the record herein, we are satisfied that the Board considered all of the required statutory factors, including petitioner's productive use of time during his incarceration and his clean disciplinary record. The Board noted the serious nature of petitioner's crime and his apparent disregard for the life of another human being. As the Board's determination comports with the applicable statutory requirements, it is not subject to further review (see Matter of Anthony v New York State Div. of Parole, 252 AD2d 704, lv denied 92 NY2d 812, cert denied 525 US 1183). We reject petitioner's assertion that the Board is precluded from basing its most recent denial of parole on the same grounds that it invoked in its previous determinations. As the Board is required to consider the same statutory factors each time an inmate appears before it (see Executive Law § 259-i [2] [c] [A]), it follows that, in many cases, the same aspects of an individual's record will constitute the primary grounds for denial of an application for parole release (see Matter of Bridget v Travis, 300 AD2d 776). The remaining issues raised by petitioner have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.